POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movants Wong Haping and He Xianghong*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIQI ZHANG, Individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>17 EDUCATION & TECHNOLOGY GROUP INC., ANDY CHANG LIU, MICHAEL CHAO DU, DUN XIAO, TUCK LYE KOH, COLLEEN A. DE VRIES, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., BOFA SECURITIES, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL INC.,<br><br>          Defendants. | Case No. 2:22-cv-04937-FWS-JEM<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WONG HAPING AND HE XIANGHONG FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL<br><br>DATE:  October 20, 2022<br>TIME:  10:00 a.m.<br>JUDGE:  Fred W. Slaughter<br>CTRM:  10D |

MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ............................................................................1

II.    STATEMENT OF FACTS ..................................................................................2

III.   ARGUMENT.......................................................................................................5

      A.      HAPING AND XIANGHONG SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ..........................................................................................5

              1.      Haping and Xianghong are Willing to Serve as Class Representatives ...................................................................................... 6

              2.      Haping and Xianghong Have the "Largest Financial Interest" ......... 7

              3.      Haping and Xianghong Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure............................... 8

              4.      Haping and Xianghong Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses ....... 13

      B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................................................................................................14

IV.    CONCLUSION...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnet v. Elan Corp., PLC*,
    236 F.R.D. 158 (S.D.N.Y. 2005) ........................................................................................ 11

*Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS,
    2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ................................................................... 12

*Deinnocentis v. Dropbox, Inc.*, 19-CV-06348-BLF,
    2020 WL 264408 (N.D. Cal. Jan. 16, 2020)........................................................................ 9

*Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL),
    2019 WL 4934277 (S.D. Cal. Oct. 7, 2019) ...................................................................... 10

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
    2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)............................................................... 11, 13

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ............................................................................................. 9

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..................................................... 7

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ..................................................................................... 7

*Karinski v. Stamps.com, Inc.*, CV 19-1828-R,
    2019 WL 8013753 (C.D. Cal. June 5, 2019) .................................................................... 10

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ..................................................... 7

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
    No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012)......................................... 13

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ................................................... 14

*Perrin v. Sw. Water Co.*, No. 208CV7844FMCAGRX,
    2009 WL 10654690 (C.D. Cal. Feb. 13, 2009) ............................................................ 11, 12

*Richardson v. TVIA, Inc.*, C 06 06304 RMW,
    2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................................................................. 8

*Robb v. Fitbit Inc.*, No. 16-CV-00151-SI,
    2016 WL 2654351 (N.D. Cal. May 10, 2016) ...................................................... 11, 12

*Vataj v. Johnson*, 19-CV-06996-HSG,
    2020 WL 532981 (N.D. Cal. Feb. 3, 2020) ...................................................................... 9

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731,
    2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ................................................................ 13

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................. 11

## **Statutes**

15 U.S.C. § 77z-1 .................................................................................................................... 1

15 U.S.C. § 78u-4 ............................................................................................................ *passim*

PSLRA ......................................................................................................................... 11, 12

## **Rules**

Fed. R. Civ. P. 23 ........................................................................................................... *passim*

Movants Wong Haping and He Xianghong (together "Haping and Xianghong") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Haping and Xianghong as Co-Lead Plaintiffs on behalf of all persons or entities who purchased or otherwise acquired 17 Education & Technology Group Inc. ("17EdTech") securities pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with 17EdTech's December 2020 initial public offering (the "IPO" or "Offering"); and (2) approving Co-Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The above-captioned action (the "Action") is on behalf of all persons and entities that purchased or otherwise acquired 17EdTech securities pursuant and/or traceable to the Company's Registration Statement issued in connection with the Offering.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § § 77z-1(a)(3)(B)(iii)(I).  Haping and Xianghong, with losses of approximately $395,471 in connection with their purchases of 17EdTech securities, have the largest financial

interest in the relief sought in this action to their knowledge. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Ex. A. Haping and Xianghong further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Haping and Xianghong respectfully submit that they should be appointed Co-Lead Plaintiffs.

## II.    STATEMENT OF FACTS

As the Complaint in the Action alleges, on December 4, 2020, Defendants held the IPO, issuing approximately 27,400,000 American Depositary Shares ("ADSs") to the investing public at $10.50 per ADS, pursuant to the Registration Statement.

17EdTech offered tutoring services related to academic subjects to students from kindergarten through the last year of senior high school ("K12 Academic AST Services"), in the People's Republic of China ("PRC") at the time of the IPO but ceased this core offering at the end of 2021, merely a year after the IPO.

PRC authorities have been targeting private education companies and tutoring companies, especially including those that are Western-financed, for reform publicly since at least February 2019, when Chinese authorities, including China's State Council, publicly proposed a 2018-2022 plan for modernizing Chinese education, which noted practices that Chinese authorities intend to reform, including restricting foreign investment in education and reducing the burden of education and tutoring.

Still in January 2021, the month after the IPO, on January 7, 2021, at a national education conference, the PRC's Minister of Education Chen Baosheng publicly confirmed that "great efforts would be made to regulate and rectify afterschool tutoring institutions[.]"

At the end of January 2021, the Office of the Education Supervision Committee of the State Council held, by video, its official conference on supervision.  There, a number of Provincial education departments identified reducing the "Double Burden" imposed by private off-campus tutoring by companies like 17EdTech on top of an already large homework burden as the most important task for education supervision for 2021.

On March 6, 2021, PRC President Xi Jinping publicly confirmed that the PRC will "resolutely reform all activities that infringe on [the People's] interests under the banner of education."   At the Chinese People's Political Consultative Conference, President Xi described the after-school tutoring business as a "social problem."  Consistent with President Xi's mandate, further rules to limit private afterschool tutoring were discussed at the Chinese Communist Party's annual Parliamentary Session held in March 2021. Liang Tingfu, a Beijing-based educational scholar, publicly warned that the coming crackdown might be more severe than previous reforms.

On March 31, 2021, the Ministry of Education publicly stated that it had recognized reducing the "Double Burden" of after-school tutoring on top of homework as a key task for 2021.

MEMORANDUM OF POINTS AND AUTHORITIES

3

In May 2021, Yu Minhong, founder of competitor New Oriental Education & Technology Group Inc., was quoted by Shanghai news outlet ThePaper: "the instant benefits and quick success sought by investors do not work in the education industry, and a crackdown on online education, which is full of 'chaotic misbehavior', is imminent."

On May 21, 2021, Xi Jinping presided over a meeting of the Central Committee of the Chinese Communist Party, and the Central Committee's Commission for Deepening Overall Reform, during which the Central Committee adopted "The Opinions of Further Reducing the Burden of Homework and OffCampus Tutoring for Students in the Compulsory Education Period[.]"  Among other things, the Committee expressed concerns that too much after-school tutoring could affect students' physical and mental health.

In light of the proposed, discussed, and enacted reforms from and connected to the 2018-2022 plan for modernizing Chinese education, several other Chinese education technology firms, including VIPKid, Huohua Siwei, Zuoyebang and Yuanfuda, reportedly scrapped or postponed plans for initial public offerings.

On July 23, 2021, mere months after the IPO, Chinese authorities formally revealed to the public continued regulations which banned after-school tutoring companies that teach the school curriculum from making profits, raising capital, or going

public.  These measures formally ended any potential growth in the for-profit tutoring sector in the PRC.

The Registration Statement was materially false and/or misleading because it misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them.  Specifically, the Registration Statement was false and/or misleading and/or failed to disclose that: (1) Defendant 17EdTech's K-12 Academic AST Services would end less than a year after the IPO; (2) as part of its ongoing regulatory efforts, Chinese authorities would imminently curtail and/or end 17EdTech's core business; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## III.    ARGUMENT

### A.    HAPING AND XIANGHONG SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Haping and Xianghong should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Action and otherwise meet the requirements of Rule 23.  Section 27(a)(3) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Securities Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date

of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth below, Haping and Xianghong satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

**1.     Haping and Xianghong are Willing to Serve as Class Representatives**

On July 19, 2022, counsel for the plaintiff in the Action caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised putative Class members that they had until September 19, 2022 to file a motion to be appointed

as Lead Plaintiff (the "Notice").  *See* Pafiti Decl., Ex. B.  Haping and Xianghong have filed the instant motion pursuant to the Notice, and they have attached sworn Certifications attesting that, *inter alia*, they are willing to serve as representatives for the Class and are willing to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C.  Accordingly, Haping and Xianghong satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2.    Haping and Xianghong Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii).

As of the time of the filing of this motion, Haping and Xianghong believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by, among other factors, (1) the number of shares purchased; (2) the total net funds expended; and (3) the approximate losses suffered).[1]  The most critical among the *Lax* Factors is the approximate loss suffered.  *See, e.g.*, However, "[o]f the Olsten–Lax factors, courts consider [. . .] the approximate losses suffered[] as most determinative in identifying the plaintiff with the largest financial loss."  *Knox*, 136 F. Supp. 3d at 1163

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

(C.D. Cal. 2015); *Richardson v. TVIA, Inc.*, C 06 06304 RMW, 2007 WL 1129344, at \*4 (N.D. Cal. Apr. 16, 2007).

Pursuant and/or traceable to the Company's IPO, Haping and Xianghong (1) purchased 105,885 17EdTech securities; (2) expended $773,225 on their purchases of 17EdTech securities; and (3) as a result of the Company's disclosures, suffered a loss of $395,471 in connection with their purchases of 17EdTech securities.  *See* Pafiti Decl., Ex. A.  Because Haping and Xianghong possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

### 3.    Haping and Xianghong Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for

class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Moreover, at this stage "courts need only consider typicality and adequacy." *Deinnocentis v. Dropbox, Inc.*, 19-CV-06348-BLF, 2020 WL 264408, at \*4 (N.D. Cal. Jan. 16, 2020).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the same essential characteristics as the claims of the class at large. *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at \*3 (N.D. Cal. Feb. 3, 2020).

The claims of Haping and Xianghong are typical of those of the Class. Haping and Xianghong allege, as do all class members, that defendants violated the federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning 17EdTech, or omitted to state material facts necessary to make the statements they did make not misleading. Haping and Xianghong, as did all members of the Class, purchased 17EdTech securities pursuant and/or traceable to the Company's Registration Statement issued in connection with the Offering at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise

from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019).  The class representative must also have sufficient interest in the outcome of the case to ensure vigorous advocacy.  *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019)

Haping and Xianghong are adequate representatives for the Class.  Here, Haping and Xianghong have submitted signed Certifications declaring their commitment to protect the interests of the Class.  *See* Pafiti Decl., Ex. C.  There is no antagonism between the interests of Haping and Xianghong and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, in Pomerantz, Haping and Xianghong have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).  In addition to Pomerantz, Haping and Xianghong are also represented by the Chinese law firm the Hao Law Firm ("Hao") in this litigation.  Should the Court appoint Haping and Xianghong as Co-Lead Plaintiffs and appoint their chosen selection of counsel, Pomerantz, as Lead Counsel in

MEMORANDUM OF POINTS AND AUTHORITIES

this Action, Pomerantz will utilize Hao's services as a Chinese law firm to assist with document translation and provide investigative services in China, where certain of the conduct giving rise to the alleged wrongdoing in the Complaint takes place, thereby providing important litigation advantages to Haping and Xianghong and the Class.

Further, Haping and Xianghong constitute an appropriate group of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *Perrin v. Sw. Water Co.*, No. 208CV7844FMCAGRX, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 13, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *Cendant*, 264 F.3d at 266 (noting "[t]he PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff" (citation omitted)); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of

groups and appointing group consisting of six members with the largest financial interest as lead plaintiff).

Haping and Xianghong likewise have demonstrated their adequacy because they are a small and cohesive group of two investors who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D. Courts routinely appoint Co-Lead Plaintiffs under such circumstances. *See, e.g.*, *Fitbit*, 2016 WL 2654351, at *4, *7 (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus, using a majority vote as a back-stop"); *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Perrin*, 2009 WL 10654690, at *3-*4 (appointing as lead plaintiff a group of four investors that "submitted

a Joint Declaration agreeing to 'work together to ensure the maximum recovery on behalf of the proposed class'").[2]

### 4. Haping and Xianghong Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing Haping and Xianghong as Co-Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

The ability and desire of Haping and Xianghong to fairly and adequately represent the Class has been discussed above.  Haping and Xianghong are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class.

---

[2] *See also Blue Apron*, 2017 WL 6403513, at \*4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at \*7, \*34 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at \*3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

## B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Haping and Xianghong have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See* Pafiti Decl., Ex. E.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See id.*  More recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*

As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Action, Haping and Xianghong's counsel has the skill and

knowledge which will enable it to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by Haping and Xianghong, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Haping and Xianghong respectfully request that the Court issue an Order: (1) appointing Haping and Xianghong as Co-Lead Plaintiffs for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  September 19, 2022                    POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Wong Haping and He Xianghong and Proposed Lead Counsel for the Class*

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


 /s/ Jennifer Pafiti
Jennifer Pafiti