**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WONG HAPING and HE XIANGHONG, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>           -against-<br><br>17 EDUCATION & TECHNOLOGY GROUP INC., ANDY CHANG LIU, MICHAEL CHAO DU, DUN XIAO, TUCK LYE KOH, QIN WEN, JIAWEI GAN, BING YUAN, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., BOFA SECURITIES, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, and TIGER BROKERS (NZ) LIMITED,<br><br>              Defendant. | Case No. 1:22-cv-9843 (LAK) (SDA)<br><br><br>**ORAL ARGUMENT REQUESTED** |

**THE UNDERWRITER DEFENDANTS' JOINDER IN DEFENDANTS
17 EDUCATION & TECHNOLOGY GROUP INC.,
COGENCY GLOBAL INC., AND COLLEEN A. DE VRIES' MOTION
TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

        O'MELVENY & MYERS LLP
        7 Times Square
        New York, New York 10036
        Telephone: (212) 326-2000
        Facsimile: (212) 326-2061

        *Attorneys for Defendants Morgan Stanley & Co. LLC, Goldman Sachs (Asia) L.L.C., BofA Securities, Inc., China Renaissance Securities (Hong Kong) Limited, and Tiger Brokers (NZ) Limited.*

Defendants Morgan Stanley & Co. LLC, Goldman Sachs (Asia) L.L.C., BofA Securities, Inc., China Renaissance Securities (Hong Kong) Limited, and Tiger Brokers (NZ) Limited (the "Underwriter Defendants"),[1] who served as underwriters for 17 Education's December 4, 2020 initial public offering, respectfully submit this joinder in the arguments made in the Memorandum of Law in Support of the Motion to Dismiss the First Amended Class Action Complaint, under Federal Rules of Civil Procedure 8(a) and 12(b)(6), filed by 17 Education, Cogency Global Inc., and Colleen A. De Vries.

## STATEMENT OF FACTS

The Underwriter Defendants join and incorporate by reference the Statement of Facts in the 17 Education Brief.  (*See* 17 Education Br. 8–18.)  The Underwriter Defendants are only alleged to have been involved in 17 Education's December 2020 IPO, as to which they are named in one count brought under Section 11 of the Securities Act of 1933.  (*See* AC ¶¶ 134–42.)  The Underwriter Defendants are not named in the count asserting a Securities Act claim based on 17 Education's April 30, 2021 offering.  (*See id.* ¶¶ 143–51.)  Thus, none of the 2021 public statements on which Plaintiffs rely in the Amended Complaint (*see id.* ¶¶ 73–80) has any relevance to the sole count against the Underwriter Defendants.

## ARGUMENT

Plaintiffs allege that statements in 17 Education's IPO Registration Statement about the company's potential business growth and the regulatory environment were rendered false or misleading because the IPO Registration Statement did not (i) disclose public comments by regulators from years before the IPO that were critical of private after-school tutoring or

---

[1] As used in this brief, the "17 Education Brief" is the Defendants' Memorandum of Law in Support of the Motion to Dismiss the First Amended Class Action Complaint (ECF No. 63) filed by 17 Education, Cogency Global Inc., and Colleen A. De Vries.  Capitalized terms not defined herein have the same meaning as in the 17 Education Brief. Unless otherwise specified, all emphasis is added and all citations and quotations are omitted.

(ii) adequately warn that Chinese regulators planned to ban the industry.  (*See* AC ¶¶ 4, 52–54, 56–62.)  As explained in the 17 Education Brief, these allegations fail to plead a plausible Section 11 claim for three reasons.

*First*, the Section 11 claim is untimely.  The public comments by Chinese politicians and regulators from the years preceding the IPO that allegedly indicated impending and oppressive regulatory reforms were equally available to Plaintiffs.  Thus, if those statements could somehow form the basis for a Securities Act claim against Defendants, they likewise should have put Plaintiffs on inquiry notice of their claims as soon as the IPO Registration Statement was filed—rendering time-barred Plaintiffs' claims filed more than a year later.  (*See* 17 Education Br. 19–21.)

*Second*, the Amended Complaint fails to plead facts sufficient to support a material misrepresentation or actionable omission in the IPO Registration Statement.  Plaintiffs' challenge to statements about 17 Education's growth potential fails to state a claim.  The Amended Complaint does not allege that the statements were false or misleading when made, and a Securities Act claim cannot be based on publicly available information.  (*See* 17 Education Br. 22–25.)  Moreover, the statements regarding growth potential are puffery, forward-looking statements, and opinions, none of which gives rise to a Section 11 claim.  (*See id.*)  Nor does the Amended Complaint state a claim based on the IPO Registration Statement's risk disclosures.  Plaintiffs admit that Defendants provided "a lengthy summary of existing regulations" and warned of a risk of additional regulations (*see, e.g.*, AC ¶¶ 72, 106, 108–09, 120–23); the Securities Act did not require Defendants to speculate about potential future regulations that were not adopted for another eight months.  (*See* 17 Education Br. 25–32.)

*Third*, Plaintiffs' Section 11 claim based on the IPO Registration Statement should be dismissed under the negative causation doctrine.  Plaintiffs make no allegation that 17 Education's ADS price dropped as a result of the July 2021 announcement of the Chinese government's ban on private after-school tutoring businesses, but allege instead that the ADS price "slumped persistently since its IPO."  (AC ¶ 13.)  Indeed, both lead plaintiffs *purchased* shares after the July 2021 announcement, further showing that the announcement was not the cause of lead plaintiffs' alleged losses.  (*See* 17 Education Br. 32–33.)

The Underwriter Defendants adopt and incorporate by reference these arguments, each of which compels dismissal of the Amended Complaint's Section 11 claim against the Underwriter Defendants.

The Underwriter Defendants do not join in the arguments in the 17 Education Brief addressing the Amended Complaint's allegations regarding 17 Education's April 30, 2021 S-8 Registration Statement.  (*See id.* 33–34; *see also id.* 7, 15–18.)  Those arguments do not concern the Underwriter Defendants, because the Underwriter Defendants are not alleged to have been involved in the April 30, 2021 offering.  Similarly, while Plaintiffs cobble together a variety of post-IPO public statements from January through March 2021 to support their claims relating to the April 30, 2021 S-8 Registration Statement (*see* AC ¶¶ 73–80), those statements are irrelevant to the lone Section 11 claim against the Underwriter Defendants.

## CONCLUSION

For the reasons set forth above and in the 17 Education Brief, the Court should dismiss the Amended Complaint with prejudice against the Underwriter Defendants.

-5-

Dated: March 31, 2023                                    O'MELVENY & MYERS LLP

                                                        By: /s/ *Jonathan Rosenberg*
                                                            Jonathan Rosenberg
                                                            jrosenberg@omm.com
                                                            7 Times Square
                                                            New York, NY 10036
                                                            Telephone: (212) 326-2000
                                                            Facsimile: (212) 326-2061

                                                            William K. Pao (admitted *pro hac vice*)
                                                            wpao@omm.com
                                                            400 South Hope Street
                                                            Los Angeles, CA 90071
                                                            Telephone: (213) 430-6000
                                                            Facsimile: (213) 430-6407

                                                            *Attorneys for Defendants Morgan Stanley
                                                            & Co. LLC, Goldman Sachs (Asia) L.L.C.,
                                                            BofA Securities, Inc., China Renaissance
                                                            Securities (Hong Kong) Limited, and Tiger
                                                            Brokers (NZ) Limited*