## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WONG HAPING and HE XIANGHONG, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>         -against-<br><br>17 EDUCATION & TECHNOLOGY GROUP INC., ANDY CHANG LIU, MICHAEL CHAO DU, DUN XIAO, TUCK LYE KOH, QIN WEN, JIAWEI GAN, BING YUAN, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., BOFA SECURITIES, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, and TIGER BROKERS (NZ) LIMITED,<br><br>         Defendant. | Case No. 1:22-cv-9843 (LAK) (SDA)<br><br><br>**ORAL ARGUMENT REQUESTED** |

**THE UNDERWRITER DEFENDANTS' JOINDER IN THE REPLY MEMORANDUM OF LAW BY DEFENDANTS 17 EDUCATION & TECHNOLOGY GROUP INC., COGENCY GLOBAL INC., AND COLLEEN A. DE VRIES IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants Morgan Stanley & Co. LLC, Goldman Sachs (Asia) L.L.C., BofA Securities, Inc., China Renaissance Securities (Hong Kong) Limited, and Tiger Brokers (NZ) Limited.*

The Underwriter Defendants[1] respectfully join in the arguments made in the Reply Memorandum of Law in Support of the Motion to Dismiss the First Amended Class Action Complaint, filed by 17 Education, Cogency Global Inc., and Colleen A. De Vries.  We write separately on reply, as we did in support of the principal motion papers, to address briefly the ramifications for the motion to dismiss of the Underwriter Defendants not being a part of the April 30, 2021 offering.

## ARGUMENT

The Underwriter Defendants showed in their March 31, 2023 Joinder that "while Plaintiffs cobble together a variety of post-IPO public statements from January through March 2021 to support their claims relating to the April 30, 2021 S-8 Registration Statement (*see* AC ¶¶ 73–80)," those statements cannot be considered in determining whether the Amended Complaint states a Section 11 claim against the Underwriter Defendants.  (Joinder 4.)  That is because the Underwriter Defendants are only alleged to have been involved in 17 Education's December 2020 IPO, not the April 30, 2021 offering.  (*See id.* 2; *see also* AC ¶¶ 134–42.)  Plaintiffs concede that argument by failing to address it in their Opposition.  *See Napoli v. Nat'l Surety Corp.*, No. 21CV9279, 2022 WL 1943776, at *6 (S.D.N.Y. May 19, 2022) ("Plaintiffs did not address that argument in their opposition, and, on that basis alone, may be deemed to have conceded the point.").  Thus, the January–March 2021 PRC government officials' statements (*see* AC ¶¶ 73–79) that Plaintiffs describe as being "more pronounced" than the pre-IPO statements (Opp. 16) should be disregarded in assessing whether the Amended Complaint states

---

[1] As used in this brief, the "17 Education Reply" is the Reply Memorandum of Law in Support of the Motion to Dismiss the First Amended Class Action Complaint (ECF No. 67 filed by 17 Education, Cogency Global Inc., and Colleen A. De Vries.  Capitalized terms not defined herein have the same meaning as in the 17 Education Brief, the Underwriter Defendants' Joinder, and the 17 Education Reply.  Unless otherwise specified, all emphasis is added and all citations and quotations are omitted.

a Section 11 claim against the Underwriter Defendants.

It does not.  As further shown in the 17 Education Reply, the pre-IPO statements (i) do not render misleading the Company's disclosures in the IPO Registration Statement (17 Education Reply 4–8); and (ii) did not trigger any additional disclosure duty under Item 303 (*id*. 8–9).  That showing requires dismissal of the Underwriter Defendants as well.

The only basis on which the Court should consider the January–March 2021 statements for the lone count against the Underwriter Defendants is in determining whether that claim is time-barred.  It is.  As the 17 Education Reply further shows, the January–March 2021 statements are part of what Plaintiffs characterize as a "steady drumbeat" or "steady stream" or "barrage" of the PRC officials' "repeated statements" and "consistent directives" and "repeated announcements" about the government's alleged plan to "issue new reforms in 2021 to further restrict the activities of after-school tutoring businesses."  (17 Education Reply 2, *quoting* Opp. 2, 8, 21.)  Although none of the "more pronounced" January–March 2021 statements (Opp. 16) can support a Section 11 claim against the Underwriter Defendants, they all were part of the total mix of public information that would have put a reasonable investor on inquiry notice more than a year before July 2022 (when Plaintiffs filed this action) that the IPO Registration Statement did not disclose the alleged impending reforms (17 Education Reply 2–4).  Thus, the lone Section 11 count against the Underwriter Defendants not only fails to state a claim, it is also untimely.

## CONCLUSION

For the reasons set forth above and in the 17 Education Brief, the Underwriter Defendants' Joinder, and the 17 Education Reply, the Court should dismiss the Amended Complaint against the Underwriter Defendants with prejudice.

Dated: July 14, 2023

O'MELVENY & MYERS LLP

By:  /s/ *Jonathan Rosenberg*

Jonathan Rosenberg
jrosenberg@omm.com
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

William K. Pao (admitted *pro hac vice*)
wpao@omm.com
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendants Morgan Stanley & Co. LLC, Goldman Sachs (Asia) L.L.C., BofA Securities, Inc., China Renaissance Securities (Hong Kong) Limited, and Tiger Brokers (NZ) Limited*