**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WONG HAPING and HE XIANGHONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>17 EDUCATION & TECHNOLOGY GROUP INC., ANDY CHANG LIU, MICHAEL CHAO DU, DUN XIAO, TUCK LYE KOH, QIN WEN, JIAWEI GAN, BING YUAN, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., BOFA SECURITIES, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, and TIGER BROKERS (NZ) LIMITED,<br><br>Defendant. | Case No. 1:22-cv-9843 (LAK) (SDA) |

**THE UNDERWRITER DEFENDANTS' JOINDER IN THE RESPONSE
OF DEFENDANTS 17 EDUCATION & TECHNOLOGY GROUP INC., COGENCY
GLOBAL INC., AND COLLEEN A. DE VRIES TO LEAD PLAINTIFFS' OBJECTIONS
TO THE REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants Morgan Stanley & Co. LLC, Goldman Sachs (Asia) L.L.C., BofA Securities, Inc., China Renaissance Securities (Hong Kong) Limited, and Tiger Brokers (NZ) Limited.*

The Underwriter Defendants respectfully join in the arguments made in the Response to Lead Plaintiffs' Objections to the Report and Recommendation Regarding Defendants' Motion to Dismiss the First Amended Class Action Complaint, filed by 17 Education, Cogency Global Inc., and Colleen A. De Vries.[1]  Judge Aaron determined, as relevant to the Underwriter Defendants, that: (i) Plaintiffs' claims were time-barred; and (ii) Plaintiffs failed to plead a plausible Section 11 claim.  (*See* Report 18, 25.)  As explained in the 17 Education Response, Plaintiffs' Objections merely rehash the arguments in their Opposition and provide no basis to reject Judge Aaron's well-reasoned Report and Recommendation that Defendants' Motion should be granted.  (*See* 17 Education Response 10–20.)  The Underwriter Defendants write separately to emphasize the irreconcilable and self-defeating positions Plaintiffs are forced to take when basing a Section 11 claim on alleged omissions of information they admit was at all times in the public realm.

Pointing to various statements from the MOE and news articles published before the IPO—which cannot be the basis for a Section 11 claim both because they were in the public domain (*see* 17 Education Response 19-20) and because the IPO Registration Statement bespoke caution on the subject of those announcements (*see id*. 18–19)—Plaintiffs contend that such articles "were known by 17 Education" because the Company "tracked policy changes for business reasons."  (Obj. 19.)  But in the same breath, Plaintiffs contend—in disputing Judge Aaron's conclusion that Plaintiffs were on inquiry notice of their claims more than one year before filing suit—that this same public information was somehow not "part of the 'total mix of

---

[1] As used in this brief, "Underwriter Defendants" refers to Morgan Stanley & Co LLC, Goldman Sachs (Asia) L.L.C., BofA Securities, Inc., China Renaissance Securities (Hong Kong) Limited, and Tiger Brokers (NZ) Limited, and "17 Education Response" is Defendants' Response to Lead Plaintiffs' Objections to the Report and Recommendation Regarding Defendants' Motion to Dismiss the First Amended Class Action Complaint (ECF No. 71).  Capitalized terms not defined herein have the same meaning as the 17 Education Response.

1

information' deemed available to investors as a matter of law." (*Id.*). Plaintiffs offer no explanation why a reasonable 17 Education investor would not also be "tracking policy changes," especially given the warnings in the IPO Registration Statement of the potential for "existential" new regulations. (*See* 17 Education Response 16, quoting *Banerjee v. Zhangmen Educ. Inc.*, No. 21-CV-9634 (JPO), 2023 WL 2711279, at *10 (S.D.N.Y. Mar. 30, 2023.) At bottom, Plaintiffs' argument that the Company should have been "tracking" the MOE and government announcements requires dismissal of their claims on statute-of-limitations grounds. *See In re Magnum Hunter Res. Corp. Sec. Litig.*, 616 F. App'x 442, 447 (2d Cir. 2015) (limitations period runs upon occurrence of events that "would have led a reasonably diligent plaintiff to have discovered the facts underlying his claim").

In another objection to Judge Aaron's conclusion that Plaintiffs were on inquiry notice of their claims more than one year before filing suit, Plaintiffs argue that "[n]one of the public statements or media articles before July 19, 2021, disclosed the potential impact of the MOE's stated plans on 17 Education's business." (Obj. 20). That assertion, of course, eviscerates the very theory underlying Plaintiffs' misstatement and omission allegations—that the Company was required to disclose the potential impact of "planned" regulatory changes. (*See* AC ¶ 72 (alleging that IPO Registration Statement "materially misled U.S. investors" by failing to "warn investors that the PRC central government was planning to fundamentally reform the market" in which 17 Education operated); *see also, e.g.*, *id.* ¶¶ 103, 107, 110 (describing various statements in IPO Registration Statement as "materially false and misleading" for not disclosing that "the PRC central government planned to issue new reforms in 2021 to further restrict the activities of after-school tutoring businesses" and that "planned" reforms "posed a material risk" to 17 Education's business).)

2

Thus, Plaintiffs' (inadequate) proffered support for their misstatement and omission allegations defeats their argument that the claims were filed within the one-year limitations period, and conversely, their response on the statute-of-limitations issue defeats their misstatement and omission allegations.  For these reasons and those in the 17 Education Response, the Court should overrule Plaintiffs' Objections, adopt the Report and Recommendation in full, and dismiss the Amended Complaint with prejudice.

Dated: August 17, 2023

O'MELVENY & MYERS LLP

By: /s/ *Jonathan Rosenberg*
    Jonathan Rosenberg
    jrosenberg@omm.com
    7 Times Square
    New York, NY 10036
    Telephone: (212) 326-2000
    Facsimile: (212) 326-2061

    William K. Pao (admitted *pro hac vice*)
    wpao@omm.com
    400 South Hope Street
    Los Angeles, CA 90071
    Telephone: (213) 430-6000
    Facsimile: (213) 430-6407

    *Attorneys for Defendants Morgan Stanley & Co. LLC, Goldman Sachs (Asia) L.L.C., BofA Securities, Inc., China Renaissance Securities (Hong Kong) Limited, and Tiger Brokers (NZ) Limited*

3